# EXHIBIT 1

STATE OF MINNESOTA

COUNTY OF ISANTI

Case Type:  Civil Other
IN DISTRICT COURT

TENTH JUDICIAL DISTRICT
COURT FILE NO. _____

-------------------------------------------------

Roger Allan Willhite, an individual,

                         Plaintiff,

v.

Alternative Mortgage Options, Inc., a
Minnesota Corporation, Wells Fargo
Home Mortgage, Inc., a California
corporation, Wells Fargo Bank, N.A.,
and also all other persons unknown
claiming any right, title, estate, interest,
or lien in the real estate described in the
Complaint herein,

                      Defendants.

**SUMMONS**

-------------------------------------------------

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT(S):

    **1.**    **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    **2.**    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**  You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this

Summons.   You must send a copy of your Answer to the person who signed this summons located at:. Curott & Associates, LLC, P.O. Box 206, Milaca, MN 56353.

3.    **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.**  If you do not Answer within 20 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the Complaint.

5.    **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6.    **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

7.    **THIS LAWSUIT MAY AFFECT OR BRING INTO QUESTION TITLE TO REAL PROPERTY** located in Isanti County, Minnesota, legally described as follows:

> The East Ten (10) acres of the Southwest Quarter of Southwest Quarter (SW ¼ of SW ¼) of Section Nine (9), Township Thirty-Five (35), Range Twenty-four (24), Isanti County, Minnesota. Excepting therefrom the following:  That part of the SW ¼ of SW ¼ of Section 9, Township 35, Range 24, described by metes and bounds as follows:  Commencing at the Southwest corner of said SW ¼ of SW ¼; thence East along the south section line a distance of 590 feet of the point of beginning of the tract to be herein described; thence north parallel to the west section line a distance of 550 feet; thence east and parallel to the south section line a distance of 400 feet; thence south and parallel to the west section line a distance of 550 feet to the south section line; thence west 400 feet to the point of beginning and there to terminate, containing five acres or more.

The object of this action is to determine the rights of the parties with respect to the described property, and specifically the validity of attempts by Defendants to foreclose a mortgage recorded against the property.

CUROTT & ASSOCIATES, LLC

Dated:  December 13, 2010

Richard W. Curott
Attorney for Plaintiff Roger Allan
Willhite
P.O. Box 206
Milaca, Minnesota 56353
(320) 983-2104
Attorney Registration No. 20448

C:\WPDOCS\My Documents\WPDOCS\Willhite, Roger, 30-10-07summons.121310.doc

STATE OF MINNESOTA

COUNTY OF ISANTI

Case Type: Civil Other
IN DISTRICT COURT

TENTH JUDICIAL DISTRICT
COURT FILE NO. _____

---------------------------------------------------

Roger Allan Willhite, an individual,

Plaintiff,

v.

Alternative Mortgage Options, Inc., a
Minnesota Corporation, Wells Fargo
Home Mortgage, Inc., a California
corporation, Wells Fargo Bank, N.A.,
and also all other persons unknown
claiming any right, title, estate, interest,
or lien in the real estate described in the
Complaint herein,

Defendants.

**VERIFIED COMPLAINT**

---------------------------------------------------

Plaintiff Roger Willhite for his Complaint against Defendants Alternative

Mortgage Options, Inc., Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, N.A., and

against all other persons unknown claiming any right, title, estate, interest, or lien in the

real estate described in this Complaint, states and alleges as follows:

### THE PARTIES

1.    Plaintiff Roger Willhite resides in Isanti County, Minnesota, and owns real

estate located at 30926 Heather Street N.W., Cambridge, Minnesota (the "Property").

The Property is legally described as follows:

The East Ten (10) acres of the Southwest Quarter of Southwest Quarter (SW ¼ of SW ¼) of Section Nine (9), Township Thirty-Five (35), Range Twenty-four (24), Isanti County, Minnesota. Excepting therefrom the following: That part of the SW ¼ of SW ¼ of Section 9, Township 35, Range 24, described by metes and bounds as follows: Commencing at the Southwest corner of said SW ¼ of SW ¼; thence East along the south section line a distance of 590 feet of the point of beginning of the tract to be herein described; thence north parallel to the west section line a distance of 550 feet; thence east and parallel to the south section line a distance of 400 feet; thence south and parallel to the west section line a distance of 550 feet to the south section line; thence west 400 feet to the point of beginning and there to terminate, containing five acres or more.

2.    Upon information and belief and according to the Minnesota Secretary of State's records, Defendant Alternative Mortgage Options, Inc., hereinafter Alternative Mortgage, is authorized to do business in Minnesota.

3.    Defendant Alternative Mortgage is in the business of originating and dealing in mortgage loans. At all relevant times, Defendant Alternative Mortgage conducted retail consumer loan operations and regularly extended consumer credit payable by written agreement in more than four installments or for which a finance charge is imposed.

4.    Upon information and belief and according to the Minnesota Secretary of State records, Defendant Wells Fargo Home Mortgage, Inc., hereinafter Wells Fargo, is a California corporation that is authorized to do business in Minnesota.

5.    Defendant Wells Fargo is in the business of dealing in mortgage loans. At all relevant times, Defendant Wells Fargo conducted retail consumer loan operations and regularly extended consumer credit payable by written agreement in more than four installments or for which a finance charge is imposed.

6.     Upon information and belief and according to the Minnesota Secretary of State's records, Defendant Wells Fargo Bank, N.A., hereinafter Wells Fargo NA, claims to be the successor by merger of Wells Fargo, and is a corporation that is authorized to do business in Minnesota.

7.     Defendant Wells Fargo NA is in the business of dealing in mortgage loans. At all relevant times, Defendant Wells Fargo NA conducted retail consumer loan operations and regularly extended consumer credit payable by written agreement in more than four installments or for which a finance charge is imposed.

8.     All other persons unknown claiming any right, title, estate, interest, or lien in the Property are also parties to this action.

## VENUE

9.     Venue is proper because some or all of the transactions giving rise to this case occurred in Isanti County, Minnesota, the Property possessed by Plaintiff is situated in Isanti County, Minnesota and some or all of the parties to this action reside in or conduct business in Isanti County, Minnesota.

## FACTUAL ALLEGATIONS

10.     On October 9, 2003, an employee or agent of Defendant Alternative Mortgage performed a "closing" in connection with Plaintiff and Plaintiff's property.

11.     On October 9, 2003, Plaintiff Willhite entered into a consumer credit transaction in which Defendant Alternative Mortgage extended consumer credit which was subject to a finance charge and was payable to Defendant Alternative Mortgage, in

which Plaintiff was the "borrower" and Defendant Alternative Mortgage was the "lender" (the "Original Loan").

12.   On or about October 9, 2003, Plaintiff Roger Willhite signed a Note, the principal amount of which was $145,000.00

13.   On or about October 9, 2003, Plaintiff Roger Willhite as joint tenant with Alice E. Willhite, gave a Mortgage on the Property to Defendant Alternative Mortgage in the original principal amount of $145,000.00 in order for Plaintiff to refinance the purchase of the Property.  Under the Mortgage,

      a.   the "Borrower" was Roger Willhite as joint tenants with Alice E. Willhite.

      b.   the "Lender" was Alternative Mortgage Options, Inc.

      c.   the "Mortgagee" was Alternative Mortgage Options, Inc.

14.   Plaintiff is divorced from Alice E. Willhite and is entitled to all of the equity in the Property.

15.   Upon information and belief, inaccurate disclosures of terms dealing with finance charges, annual percentage rates of interest, and the Plaintiff's rights cost Plaintiff thousands of dollars more than he was promised by Defendant Alternative Mortgage and its agents and representatives.

16.   Upon information and belief, sometime after October 9, 2003, the Original Note and Mortgage were allegedly assigned and/or sold to Defendant Wells Fargo as creditor, and the right to service the loan was transferred.

## SECURITIZATION AND/OR MONETIZATION OF THE NOTES

17.   Upon information and belief, the loan-servicing pool into which the Plaintiff's Mortgage obligation and/or Note have or had been placed for which Defendant Wells Fargo acted as trustee, allowed Defendant Wells Fargo to sell "mortgage-backed securities" to hundreds of large institutional investors, resulting in untold profits.

18.   Upon information and belief, Plaintiff's Mortgage obligation and/or Note were eventually sold multiple times without Plaintiff's permission or knowledge, in which sales the claimed holder of the Mortgage obligations and/or Notes has been paid and satisfied in full.

19.   Due to the nature of the securitization process and in order to maximize profits, when Defendant Wells Fargo placed Plaintiff's Mortgage obligation and/or Note into the pool, they caused it to be divided into different risk categories or pieces in which many different investors now have an interest.

20.   Upon information and belief, Defendant Alternative Mortgage will not be able to name the holder of Plaintiff's Mortgage obligation and/or Note or produce the original Note because of the nature of the securitization process described above.

21.   By placing the Plaintiff's mortgage obligation and/or Note into the loan-servicing pool, Defendant Wells Fargo inherently violated Plaintiff's rights under the law.

22.   Upon information and belief, Plaintiff's Mortgage obligation and/or Note were monetized, a process in which the claimed holder of the Mortgage obligations and/or Notes have been paid and satisfied in full.

23.  Upon information and belief, Defendants, Alternative Mortgage, Wells Fargo and Wells Fargo NA will not be able to produce the original Note because of the nature of the monetization process described above.

24.  Upon information and belief, Defendant Alternative Mortgage was not the true lender but merely acted as a broker for Wells Fargo and/or some other entity yet to be identified.

25.  Upon information and belief, Defendants Alternative Mortgage, Wells Fargo and Wells Fargo, N.A. never endorsed the Note and Mortgage into a Trust and never created or issued any Bonds or Certificates sold to and delivered to any investor.

26.  By monetization of Plaintiff's obligation, Defendants Alternative Mortgage, Wells Fargo and Wells Fargo NA, inherently violated Plaintiff's rights under the law.

## FORECLOSURE ATTEMPT

27.  In April, 2010, an individual identified as Ben Windust sent a letter to Plaintiff threatening foreclosure of Plaintiff's Mortgage on behalf of Wells Fargo Home Mortgage.

28.  Plaintiff responded by letter dated April 30, 2010, a copy of which is attached hereto as Exhibit A.

29.  Neither Ben Windust nor anyone on behalf of Defendants Wells Fargo or Wells Fargo NA provided Plaintiff with any evidence of standing or authority to offer a modification of Plaintiff's mortgage or to proceed with a foreclosure of the mortgage.

30. Plaintiff is not in default with any payment to Defendants Wells Fargo and Wells Fargo, N.A. as they are not the Lender or otherwise the Creditor of Plaintiff, and no court has determined that Plaintiff is in default on the Note.

31. On or after August 19, 2010, Plaintiff received a Notice of Mortgage Foreclosure for the Property, which was unsigned.

32. Defendants Wells Fargo and Wells Fargo NA submit that they are entitled to foreclose on the Property, when they have shown no assignment, no agreement, and do not possess (and cannot produce) the original promissory note that they are foreclosing on.

33. A Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage, hereinafter Notice of Pendency, was recorded August 20, 2010 as document number 410682 with the Isanti County Recorder.

34. The Notice of Pendency was purportedly signed by China Brown and purportedly China Brown's signature was notarized by Carolyn Evans.

35. On information and belief, the signatures by China Brown and the notorization by Carolyn Evans were a part of a robosigning process and were not signatures properly obtained or done with actual knowledge of the facts alleged.

36. Due to the impropriety in the signings, the Notice of Pendency should be deemed to be of no effect.

## COUNT 1
## DEPRIVATION OF DUE PROCESS OF LAW
### (All Defendants)

37.    The Fifth and Fourteenth Amendments to the Constitution of the United States establish that due process of law requires that deprivation of a property right or privilege be preceded by proper notice and an opportunity to be heard, and that a person may not deprive individuals of liberty or property interests without due process.

38.    Persons whose rights, including property, are to be affected are entitled to be heard, and in order that they may enjoy that right, they must first be notified.

39.    Defendants Wells Fargo, Wells Fargo NA and Alternative Mortgage acted and conspired to deprive Plaintiff of due process of law in the taking of the Property, including, but not limited to, the following:

    a.    Defendant Alternative Mortgage promised that the Original Note and Mortgage were proper and did not violate TILA, RESPA and HOEPA;

    b.    Defendants Wells Fargo and Wells Fargo NA submit that they are entitled to foreclose on the Property, when they have shown no assignment, no agreement, and do not possess (and cannot produce) the original promissory note that they are foreclosing on.

40.    The Defendants should and must be equitably enjoined from depriving Plaintiff's due process of law, as described herein.

41.    The Defendants' attempted deprivation of Plaintiff's property has damaged Plaintiff directly and proximately and caused him monetary harm.

42. As a direct and proximate result of Defendants' attempted deprivation of Plaintiff's right to due process, Plaintiff has been damages in an amount reasonably believed to exceed $50,000.00, with the exact amount to be proven at trial.

## COUNT II
## INTENTIONAL MISREPRESENTATION
### (Defendant Alternative Mortgage)

43. Defendant Alternative Mortgage made promises, both oral and written.

44. Defendant Alternative Mortgage's promises and agreements, included, but were not limited to, that the Original Note and Mortgage were proper and did not violate applicable statutes.

45. These representations were of then-present material facts including, *inter alia*, whether Defendant Alternative Mortgage intended to honor the promises and agreement that the Note and Mortgage were proper, legal and necessary.

46. Defendant Alternative Mortgage's representations were false, as they knew or should have known that Defendants never intended to enter into a proper, legal and necessary Note and Mortgage.

47. At the time Defendant Alternative Mortgage made the representations, it knew them to be false or asserted them without knowledge of their truth or falsity.

48. Defendant Alternative Mortgage intended to induce Plaintiff to act in reliance upon their false representations, and Plaintiff did act in reliance on Defendant Alternative Mortgage's false representations.

49. As a direct and proximate result of Defendant Alternative Mortgage's fraud, Plaintiff has suffered and will continue to suffer financial loss.

50.     As a direct and proximate result of Defendant Alternative Mortgage's intentional misrepresentation, Plaintiffs have been damaged in an amount reasonably believed to exceed $50,000.00, with the exact amount to be proven at trial.

## COUNT III
### INTENTIONAL MISREPRESENTATION
#### (Defendants Wells Fargo and Wells Fargo NA)

51.     Defendants Wells Fargo and Wells Fargo NA made representations, both oral and written.

52.     Defendants Wells Fargo and Wells Fargo NA's representations included, but were not limited to, the following:

   a.     Defendants Wells Fargo and Wells Fargo NA submit that they are entitled to foreclose on the Property, when they have shown no assignment, no agreement, and do not possess (and cannot produce) the original promissory note that they are foreclosing on.

53.     Defendants Wells Fargo and Wells Fargo NA's representations were false, as they knew or should have known that they are not entitled to foreclose on the Property, because they have no assignment, no agreement, and do not possess (and cannot produce) the original promissory note that they are foreclosing on.

54.     At the time Defendants Wells Fargo and Wells Fargo NA made the representations, they knew them to be false or asserted them without knowledge of their truth or falsity.

55.     Defendants Wells Fargo and Wells Fargo NA intended to induce Plaintiff to act in reliance upon their false representations.

56.     Defendants Wells Fargo and Wells Fargo NA intended Plaintiff to rely on these representations and intended Plaintiff to be induced to forego defenses associated with his Mortgage, his Property, and sheriff's sales associated with the property.

57.     As a direct and proximate result of Defendants Wells Fargo and Wells Fargo NA's fraud and/or intentional misrepresentation, Plaintiff has suffered and will continue to suffer financial loss.

58.     As a direct and proximate result of Defendants Wells Fargo and Wells Fargo NA's intentional misrepresentation, Plaintiff has been damages in an amount reasonably believed to exceed $50,000.00, with the exact amount to be proven at trial.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
### (All Defendants)

59.     Defendants failed to exercise reasonable care or competence in obtaining or communicating the facts listed previously in this Complaint.

60.     Plaintiff relied on Defendants' representations.

61.     Defendants intended Plaintiff to rely on these representations.

62.     As a direct and proximate result of Defendants' negligent misrepresentation, Plaintiff has been damaged in an amount reasonably believed to exceed $50,000.00, with the exact amount to be proven at trial.

## COUNT V
## VIOLATION OF MINN. STAT. § 580 ET SEQ.
### (Defendants Wells Fargo and Wells Fargo NA)

63.      According to Minn. Stat. § 580.03, the notice of foreclosure sale shall be property published for six weeks, and at least four weeks before the appointed time of sale a copy of such notice shall be served in like manner as a summons in a civil action in the district court upon the person in possession of the mortgaged premises, if the same are actually occupied.

64.      Defendants Wells Fargo and Wells Fargo NA submit that they are entitled to foreclose on the Property, when they have shown no assignment, no agreement, and do not possess (and cannot produce) the original promissory note that they are foreclosing on.

65.      This conduct and action is in violation of Minn. Stat. § 580 *et seq.*

66.      Accordingly, pursuant to Minn. Stat. § 580.20, Plaintiff would be entitled to have any sheriff's sale set aside and/or vacated by reason of the above-mentioned defects.

67.      In addition, pursuant to Minn. Stat. 580.20, Plaintiff is entitled to hold the Defendants Wells Fargo and Wells Fargo NA responsible for the injuries suffered by reason of any unauthorized sale.

## COUNT VI
## DECEPTIVE TRADE PRACTICES STATUTES
### (All Defendants)

68.      At all relevant times, Minnesota has had statutes prohibiting deceptive trade practices. Minn. Stat. § 325D.44 *et seq.*

69.   The Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 *et seq.*, serves as a protection against unfair and deceptive trade practices, as described herein, and provides.

70.   Defendants committed deceptive trade practices by the following:

a.   Causing the likelihood of confusion, or of misunderstanding as to the source, sponsorship, approval, or certification of their services in violation of Minn. Stat. § 325D.44 (2);

b.   Causing the likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another in violation of Minn. Stat. § 325D.44 (3);

c.   Representing that services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have in violation of Minn. Stat. § 325D.44 (5); and

d.   Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding in violation of Minn. Stat. § 325D.44 (13).

71.   Defendants' actions, omissions, and representations described herein constitute deceptive trade practice under Minn. Stat. § 325D.44 *et seq.*

72.   Defendants acting individually and in concert, aiding and abetting one another, or acting on their own initiative and resolve, acted, used or employed a fraud, false pretense, misrepresentation, misleading statement or deceptive practice by doing the following:

a.   Defendant Alternative Mortgage promised that the Original Note and Mortgage were proper and did not violate applicable statutes;

      b.     Defendants Wells Fargo and Wells Fargo NA submit that they are entitled to foreclose on the Property, when they have shown no assignment, no agreement, and do not possess (and cannot produce) the original promissory note that they are foreclosing on.

73.     As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff has been damaged in an amount reasonably believed to exceed $50,000.00, with the exact amount to be proven at trial.

74.     As a result, Plaintiff is entitled under Minn. Stat. § 325D.44 *et seq.* to an equitable remedy in the form of injunctive relief including, but not limited to, prohibiting Defendants from evicting, foreclosing on or taking any action to dispossess the Plaintiff from the Property.

75.     In addition, Plaintiff is entitled under Minn. Stat. § 325D.44 *et seq.* to costs and disbursements, including reasonable attorney's fees.

### COUNT VII
### INJUNCTIVE RELIEF
### (Defendant Wells Fargo NA)

76.     Plaintiff owns and possess the Property.

77.     Defendant Wells Fargo NA wishes to foreclose on the Property and hold a sheriff's sale.

78.     Plaintiff will be irreparably and permanently harmed by the taking of his Property by Defendant Wells Fargo NA, despite Plaintiff's warning not to go forward with the sheriff's sale based upon fraud.

79.     Defendant Wells Fargo NA, as of the date of the filing of this lawsuit, is pursuing the holding of the sheriff's sale for the Property.

80.   Plaintiff has no adequate remedy at law against Defendant Wells Fargo NA that is fast enough to enforce its rights to his property and to stop the foreclosure sale prior to the date of the foreclosure sale, at which point Plaintiff would no longer own the Property.

81.   Unless restrained by Order of this Court, Defendant Wells Fargo NA will act against Plaintiff's Property, in furtherance of its interests, and to the detriment of Plaintiff, thereby causing Plaintiff immediate and irreparable harm and damage for which Plaintiff has no adequate remedy at law.

82.   As Plaintiff has no adequate remedy at law to restrain Defendant Wells Fargo NA from his Property permanently, Plaintiff is entitled to equitable relief from this Court in the form of an order and/or injunction, permanent or temporary pursuant to applicable law.

83.   The injunctive relief requested by Plaintiff will not damage or deprive Defendant Wells Fargo NA of any rights because Plaintiff is likely to prevail on the merits regarding Defendants' breaches of the contract and misrepresentation, and prevail in retaining the Property.

84.   Greater injury would be inflicted upon Plaintiff should the Court refuse to grant Plaintiff's request for injunctive relief than would be sustained by Defendant Wells Fargo NA should the Court grant Plaintiff's request for injunctive relief.

85.   The granting of Plaintiff's request for injunctive relief would maintain the status quo. Defendant Wells Fargo NA can still move forward with the foreclosure after a determination on the merits of Plaintiff's claim.

86.   Plaintiff is entitled to an Order enjoining Defendant Wells Fargo NA as follows:

      a.   An injunction prohibiting Defendant Wells Fargo NA from going forward with the sheriff's sale; and

      b.   An injunction prohibiting Defendant Wells Fargo NA from evicting Plaintiff or taking any action to dispossess Plaintiff of the Property.

**WHEREFORE,** Plaintiff Willhite prays for judgment against Defendants and also all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein, as follows:

1.   For a money judgment against Defendants Alternative Mortgage, Wells Fargo and Wells Fargo NA for deprivation of due process of law, intentional misrepresentation, negligent misrepresentation, violation of Minn. Stat. § 580 *et seq.*, and deceptive trade practices, in an amount reasonably believed to exceed $50,000, with the exact amount to be proven at trial;

2.   For an injunction prohibiting Defendant Wells Fargo NA from evicting the Plaintiff or taking any action to dispossess him, an injunction prohibiting said Defendant from going forward with any sheriff's sale, and for an injunction prohibiting said Defendant from evicting the Plaintiff or taking any action to dispossess Plaintiff from the Property;

3.   An award of reasonable attorneys' fees, costs, and disbursements as permitted by law; and

4.    Such other, further, or different relief as the Court may deem just and equitable.

CUROTT & ASSOCIATES, LLC

Dated: December 13, 2010

Richard W. Curott
Attorney for Plaintiff Roger Allan Willhite
P.O. Box 206
Milaca, Minnesota 56353
(320) 983-2104
Attorney Registration No. 20448

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, subdivision 2, to the party against whom the allegations in this pleading are asserted.

_Roger Willhite_
Roger Willhite

## VERIFICATION

Roger Allan Willhite, being first duly sworn on oath, deposes and says that he has read the above and foregoing Verified Complaint, and that the matters stated therein are, to the best of my knowledge, true and correct.

_Roger Allan Willhite_
Roger Allan Willhite

Subscribed and sworn to before me this
13th day of December, 2010.

_____
Notary Public

C:\WPDOCS\My Documents\WPDOCS\Willhite, Roger, 30-10-07\complaint.111910.doc

Roger A. Willhite                    First Class Mail
30926 Heather Street NW
Cambridge, Minnesota 55008

April 30. 2010

Wells Fargo Home Mortgage
Return Mail Operations
Attn: Ben Windust
P.O. Box 10368
Des Moines, Iowa 50306

Re: Letter dated April 16, 2010

Dear Mr. Ben Windust:

Thank you for your letter as referenced above. I would be happy to accept your letter and
the contents there in but based upon my Note you are not the Note Holder and therefore
lack standing to offer me a Home Affordable Modification plan.

I have retained a Forensic Mortgage Auditing company to audit my loan documents to
determine who the Creditor is and who has standing to bring about a foreclosure to which
I believe the Note has been paid in full. I dispute that I am in default. It is the burden of
the Creditor to prove that I am in default.

Right now it appears that Wells Fargo is nothing more than the mere Servicer of the
Loan. As the Servicer please provide me with the name of the Creditor and their full
mailing address with phone numbers. I am not asking for the name of the Trust or the
Trustee, if the Note was securitized there are now investors.

I believe I will be forwarding this letter and your correspondence to the Minnesota
Attorney General's office of Consumer Fraud and filing a complaint against you should
you fail to provide me with my demands.

Again, I will be happy to pay you the amounts you claim I owe you if you can prove the
full accounting of the loan, that you are the creditor and that you can prove that you have
a Constitutional Standing to collect such.

Your prompt attention to this matter is appreciated.

Please be advised that, in presenting to you my demand letter, Roger A. Willhite is not
limiting or waiving any rights or remedies he may now or hereafter have, whether arising
under your letter dated April 27, 2010 documents, my loan documents, at law or in
equity, all of which rights and remedies are expressly reserved.

The information above is true and correct to the best of my knowledge, understanding and
belief.

**EXHIBIT A**

Kindest Regards,

_____

Roger A. Willhite

Cc: John Dunn
Forensic Mortgage Audit and Foreclosure Defense
5348 Vegas Drive
Las Vegas, Nevada 89108

Office of Minnesota Attorney General Lori Swanson
Office of Consumer Fraud
1400 Bremer Tower
445 Minnesota Street
St. Paul, MN 55101
(651) 296-3353
1-800-657-3787



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

null / ALL
Transmittal Number: 8449170
Date Processed: 02/11/2011

| Primary Contact: | Wells Processing West |
| | Corporation Service Company- Wilmington, DELAWARE |
| | 2711 Centerville Road |
| | Suite 400 |
| | Wilmington, DE 19808 |

| | |
|---|---|
| Entity: | Wells Fargo Home Mortgage, Inc. |
| | Entity ID Number  1901284 |
| Entity Served: | Wells Fargo Home Mortgage, Inc. |
| Title of Action: | Roger Allan Willhite vs. Alternative Mortgage Options, Inc. |
| Document(s) Type: | Notice |
| Nature of Action: | Contract |
| Court/Agency: | Isanti County District Court, Minnesota |
| Case/Reference No: | 30-CV-11-99 |
| Jurisdiction Served: | Minnesota |
| Date Served on CSC: | 02/11/2011 |
| Answer or Appearance Due: | Other/NA |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Sender Information: | Richard W. Curott |
| | 320-983-2104 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

State of Minnesota
Isanti County

District Court
10th Judicial District

Court File Number: **30-CV-11-99**
Case Type: Civil Other/Misc.

**Notice of Case Filing**

WELLS FARGO HOME MORTGAGE, INC.
CORPORATION SERVICE COMPANY
380 JACKSON ST #700
ST PAUL MN 55101

**Roger Allan Willhite, an individual, vs Alternative Mortgage Options, Inc., a Minnesota Corporation, Wells Fargo Home Mortgage, Inc., a California corporation, Wells Fargo Bank, N.A., and also all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the Complaint herein.**

Date Case Filed: **02/07/2011**

Court file number **30-CV-11-99** has been assigned to this matter. All future correspondence must include this file number, the attorney identification number, and must otherwise conform to format requirements or they WILL BE RETURNED. Correspondence and communication on this matter should be directed to the following court address:

> **Isanti County Court Administration**
> **555 18th Avenue SW**
> **Cambridge Minnesota 55008**
> **763-689-2292**

If ADR applies, a list of neutrals is available at www.mncourts.gov (go to Alternative Dispute Resolution) or at any court facility.

Dated: February 8, 2011

Monica Tschumper
Court Administrator
Isanti County District Court

cc: RICHARD W CUROTT
    Wells Fargo Bank, N.A.

**ISANTI COUNTY COURT ADMINISTRATION**
Isanti County Government Center
555 18th Avenue SW
Cambridge, MN 55008-9386



012H16209124

$00.44⁰
02/10/2011
Mailed From  55008
**US POSTAGE**

Hasler

55101+4803

STATE OF MINNESOTA

COUNTY OF ISANTI

Case Type:  Civil Other
IN DISTRICT COURT

TENTH JUDICIAL DISTRICT
COURT FILE NO. _____

-------------------------------------------------

Roger Allan Willhite, an individual,

                   Plaintiff,

v.

Alternative Mortgage Options, Inc., a
Minnesota Corporation, Wells Fargo
Home Mortgage, Inc., a California
corporation, Wells Fargo Bank, N.A., and
also all other persons unknown claiming
any right, title, estate, interest, or lien in
the real estate described in the Complaint
herein,

                   Defendants.

**CERTIFICATE OF
REPRESENTATION AND PARTIES**

-------------------------------------------------

**LAWYER FOR PLAINTIFF(S)**

Roger Allan Willhite
Name of Party

Richard W. Curott
Attorney name (not firm name)

PO Box 206
Milaca, MN  56353
Address

320-983-2104
Phone Number

20448
Minnesota Attorney ID Number

**LAWYER FOR DEFENDANT(S)**

Alternative Mortgage Options, Inc.
Name of Party

Pro Se
Attorney Name (not firm name)

1935 W County Road B2 #365
Roseville, MN  55113
Address

Unknown
Phone Number

N/A
Minnesota Attorney ID Number

**LAWYER FOR DEFENDANT(S)**

Wells Fargo Home Mortgage, Inc.
Name of Party

Pro Se
Attorney Name (not firm name)

Corporation Service Company
380 Jackson Street #700
St. Paul, MN  55101
Address

Unknown
Phone Number

N/A
Minnesota Attorney ID Number

February 3, 2011
Date

**LAWYER FOR DEFENDANT(S)**

Wells Fargo Bank, N.A.
Name of Party

Pro Se
Attorney Name (not firm name)

Corporation Service Company
380 Jackson Street #700
St. Paul, MN  55101
Address

Unknown
Phone Number

N/A
Minnesota Attorney ID Number

Richard W. Curott
Filing Lawyer/Party

C:\WPDOCS\My Documents\WPDOCS\Willhite, Roger, 30-10-07\10.001-Cert of Representation.020311.doc

## ISANTI COUNTY (MN) - 10TH JUDICIAL DISTRICT

|  |  |
|---|---|
| | COURT FILE #_____ |
| Roger Allan Willhite | |
|      Plaintiff, | |
| v. | **AFFIDAVIT OF SERVICE** |
| Alternative Mortgage Options, Inc. | |
| Etal | |
|      Defendant, | |

**STATE OF MINNESOTA }**
          **ss:**

**COUNTY OF HENNEPIN }**

    The undersigned being duly sworn on oath, deposes and says:

I am a Minnesota resident 18 years old or older and not a party to this action.  On **January 26, 2011** at 12:25 PM I served the attached Summons & Complaint upon **Wells Fargo Bank, N.A.** at 380 Jackson Street, Suite 700, St. Paul, MN 55101, in the County of **Ramsey**, by handing to and leaving with Vera Rosalez - the Authorized Agent For Service Of Process of Wells Fargo Bank, N.A., a true and correct copy thereof.

Affiant further states that the physical description of Vera Rosalez is: Gender: Female    Race/Skin: Hispanic    Age: 35    (some characteristics are approximate and to my best belief).

COMMENTS:

Further your Affiant sayeth naught.

|  |  |
|---|---|
| Fee: | Signature: _____ |
| | Jessica Jorgensen |
| | Diligent Service Network |
| | Process Server |
| | Tel (952) 288-5324 |

**JURAT**

Subscribed and sworn to before me this January 26, 2011

_____
Signature of Notary Public in and for the State of Minnesota

*NOTARIAL STAMP*

job: 10-035731
Curott & Associates, LLC #willhite v etal

**29 of 31**

## ISANTI  COUNTY (MN) - 10TH JUDICIAL DISTRICT

COURT FILE #_____

Roger Allan Willhite
                    Plaintiff,

v.                                                    **AFFIDAVIT OF SERVICE**

Alternative Mortgage Options, Inc.
Etal
                    Defendant,

**STATE OF MINNESOTA }**
                                    **ss:**
**COUNTY OF HENNEPIN }**

The undersigned being duly sworn on oath, deposes and says:

I am a Minnesota resident 18 years old or older and not a party to this action.  On **January 26, 2011** at 12:25 PM I served the attached Summons & Complaint upon **Wells Fargo Home Mortgage, Inc.** at 380 Jackson Street, Suite 700, St. Paul, MN 5510, in the County of **Ramsey**, by handing to and leaving with Vera Rosalez - the Authorized Agent For Service Of Process of Wells Fargo Home Mortgage, Inc., a true and correct copy thereof.

Affiant further states that the physical description of Vera Rosalez is: Gender: Female     Race/Skin: Hispanic     Age: 35     (some characteristics are approximate and to my best belief).

COMMENTS:

Further your Affiant sayeth naught.

Fee: $35.00                          Signature: _____
                                                  Jessica Jorgensen
                                                  Diligent Service Network
                                                  Process Server
                                                  Tel (952) 288-5324

**JURAT**

Subscribed and sworn to before me this January 26, 2011

_____
Signature of Notary Public in and for the State of Minnesota

*NOTARIAL STAMP*

job: 10-035730
Curott & Associates, LLC #willhite v etal

## DECLARATION ON NON-SERVICE

| | |
|---|---|
| **ROGER ALLAN WILLHITE** | ) **Court File No.:** _____ |
| | ) |
| | ) |
| | ) |
| **Plaintiff** | ) |
| v. | ) |
| **ALTERNATIVE MORTGAGE OPTIONS, INC.** | ) |
| **ETAL** | ) |
| | ) |
| **Defendant** | ) |

STATE OF MINNESOTA: COUNTY OF HENNEPIN   ss:

I, JESSICA JORGENSEN, being duly sworn deposes and says, I have been duly authorized to make service of the documents listed herein in the above titled case, I am over the age of eighteen years and am not a party to or otherwise interested in this matter.

DATE RECEIVED: DECEMBER 29, 2010 at 02:32 PM

DOCUMENTS: SUMMONS & COMPLAINT

SERVE TO: ALTERNATIVE MORTGAGE OPTIONS, INC.

ADDRESS: 1935 W COUNTY ROAD B2, SUITE #365, ROSEVILLE, MN, SAINT PAUL, MN 55113 -

I was unable to serve the documents listed above on the below dates for the reasons indicated:

### Service Attempts

| Date/Time | Reason for Non-Service |
|---|---|
| 01/26/11    11:55 AM | Winsor Office Plaza, no such business located in building per property manager. |

Under penalties of perjury, I declare that I have read the foregoing Return of Service and that the facts stated in it are true.

_____
Jessica Jorgensen                                            Executed on: _____

ID: 10-035729
Client Reference: willhite v etal