UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roger Allan Willhite,                                         Civil No. 11-387 (PAM/FLN)

           Plaintiff,

v.                                                            **MEMORANDUM AND ORDER**

Alternative Mortgage Options, Inc.,
Wells Fargo Home Mortgage, Inc.,
and Wells Fargo Bank, N.A.,

           Defendants.

---

This matter is before the Court on Defendant Wells Fargo's Motion for Summary Judgment. For the reasons that follow, that Motion is granted.

**BACKGROUND**

Plaintiff Roger Willhite owns a home in Cambridge, Minnesota, which is in Isanti County. He refinanced the mortgage on his home in 2003, through a mortgage company called Alternative Mortgage Options. Alternative Mortgage Options is a Defendant here but has not made any appearance. There is no indication that Alternative Mortgage Options has ever been served with the Complaint.[1]

Willhite's refinanced mortgage amount was $145,000. The refinanced mortgage paid off two different mortgages on the property and gave Willhite more than $39,000 in cash. The mortgage was recorded in Isanti County, and very shortly after the closing, Alternative Mortgage Options assigned the mortgage to Wells Fargo. The assignment to Wells Fargo

---

[1] In addition, there is no entity called "Wells Fargo Home Mortgage, Inc." Thus, the only proper Defendant here is Wells Fargo Bank, N.A.

was recorded in Isanti County in February 2004. Willhite argues that he "knows" that Fannie Mae owns the note, but whether Fannie Mae has an interest in the note or in a portion of it through the securitization process is irrelevant to his claims. Wells Fargo is the mortgagee of record and there is no evidence that Wells Fargo is no longer owns the mortgage. Indeed, Wells Fargo contends, and Willhite does not dispute, that it is in possession of the original note and has shown that note to Willhite.

Willhite stopped making payments on his mortgage in 2009, and in 2010, Wells Fargo notified him of its intent to foreclose by advertisement. The foreclosure was scheduled for February 2011 but was canceled because of this lawsuit. Willhite continues to live in the home; he has not made a mortgage payment in nearly two years.

Willhite raises six claims against Wells Fargo: (1) due process, (2) intentional misrepresentation, (3) negligent misrepresentation, (4) violation of Minn. Stat. § 580.20 et seq., (5) violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44, and (6) injunctive relief. He claims that Wells Fargo sold or assigned his mortgage without recording those assignments, that the foreclosure documents were "robo-signed," and that Wells Fargo is not legally authorized to foreclose because it is not the owner of the note.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d

743, 747 (8th Cir. 1996). However, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. at 323; Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Willhite has failed to do this, and indeed his response to Wells Fargo's Motion is utterly lacking. Willhite insists that discovery will reveal that the person who signed the foreclosure documents on Wells Fargo's behalf, a person named China Brown, does not exist and that therefore Wells Fargo was not entitled to foreclose. He does not address the substance of Wells Fargo's arguments in the least. But discovery in this matter has closed. Willhite must now come forward with evidence in the record to support his claims, not allegations that he might someday be able to do so.

**A.     Due Process**

Wells Fargo argues, correctly, that a due process claim does not lie in the absence of any governmental action. Willhite's due process claim contends only that Wells Fargo and Alternative Mortgage Options attempted to deprive Willhite of property without due process. He claims no government action, and his opposition to Wells Fargo's Motion does not

mention his due process claim at all. This claim is dismissed.

## B. Misrepresentation Claims

Willhite's intentional misrepresentation claim is that Wells Fargo "submit[s] that [it is] entitled to foreclose on the Property, when [it has] shown no assignment, no agreement, and do[es] not possess (and cannot produce) the original promissory note that [it is] foreclosing on." (Compl. ¶ 52.) The negligent misrepresentation claim does not list any specific alleged misrepresentation. (Id. ¶¶ 59-62.) Rather, it relies on the "facts listed previously in the Complaint." (Id. ¶ 59.) However, the "facts listed previously" do not contain any specific misrepresentation either.

Putting aside the fact that Wells Fargo has established that it did have the right to foreclose on Willhite's home, a misrepresentation claim requires a false or negligent representation of a past or existing material fact. Specialized Tours, Inc. v. Hagen, 392 N.W.2d 520, 532 (Minn. 1986). Willhite has not alleged, and he does not argue that he has alleged, such a representation. There is no allegation that anyone at Wells Fargo told Willhite that Wells Fargo owned the mortgage when Wells Fargo did not. Wells Fargo's attempt to foreclose on Willhite's mortgage may be many things, but it is not an actionable misrepresentation, either negligent or intentional. These claims are dismissed.

## C. Minn. Stat. Chapter 580

Willhite contends that Wells Fargo violated the foreclosure-by-advertisement statute because Wells Fargo could not produce the original promissory note and was therefore not entitled to foreclose. The statute does not require Wells Fargo to produce the original note,

but even if it did, Wells Fargo has produced that note. All that the statute requires is that there is a default, that no action has been commenced to recover the debt, that the mortgage and any assignments have been recorded, and some additional requirements regarding foreclosure prevention counseling services. Minn. Stat. § 580.02 (foreclosure by advertisement); § 580.021 (foreclosure prevention counseling). Here, Willhite's only allegation is that Wells Fargo cannot establish that the assignments were recorded. But the assignment to Wells Fargo was recorded, and there is no evidence of any other assignment aside from Willhite's bald speculation. Speculation cannot defeat summary judgment. Willhite cannot establish that there are any disputed facts on this claim and it, too, must be dismissed.

**D.     MDTPA**

The basis for this claim is the same as the Chapter 580 claim: Willhite contends that Wells Fargo cannot produce the note. As discussed above, however, Wells Fargo has produced the note, although it is not required to do so, and has complied with all of the requirements for foreclosure by advertisement under state law. Even if a claim under the MDTPA is cognizable in this situation, which is extremely doubtful, there is no deceptive trade practice here.

**E.     Injunction**

Willhite's final claim is for injunctive relief. But because his claims fail on the merits, he is not entitled to any such relief as a matter of law. See Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (noting requirements for injunctive relief, including

5

likelihood of success on the merits).

**CONCLUSION**

Willhite's claims are meritless, and indeed border on frivolous. Wells Fargo is entitled to summary judgment on all of his claims.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Wells Fargo's Motion for Summary Judgment (Docket No. 9) is **GRANTED**; and

2. The Complaint (Docket No. 1) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 25, 2011

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge